13-1408 (L)
*Husain v. Springer*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand fourteen.

Present:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

SARAH HUSAIN, NEIL SCHULDINER, WILLIAM WHARTON, DEVON BLINTH, COLLEEN MCGRAHAM, JEFF MCGRAHAM, KATHLEEN MCHUGH, MARC J. PESEAU,

> *Plaintiffs-Appellants–*
> *Cross-Appellees*,

v.

MARLENE SPRINGER,

> *Defendant-Appellee–*
> *Cross-Appellant*.

13-1408-cv (Lead);
13-1686-cv (XAP)

---

RONALD BRIAN MCGUIRE, New York, NY, *for Plaintiffs-Appellants–Cross-Appellees*.

WON S. SHIN (Barbara D. Underwood, Steven C. Wu, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for Defendant-Appellee–Cross-Appellant*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

Appellants, eight former students at the College of Staten Island ("CSI"), filed suit against Appellee Marlene Springer ("Appellee"), the then-President of CSI, as well as twenty-five other defendants in response to Appellee's decision to void a student government election following a school newspaper's endorsement of a slate of candidates running in that election, which Appellee alleged had upset the parity of campaign expenditures. After years of litigation, including numerous motions, extensive briefing, multiple appeals, and a petition seeking certiorari in the United States Supreme Court, Appellants secured $9 in nominal damages from Appellee, who was the sole remaining defendant. As the prevailing party, Appellants sought fees and costs totaling $832,409.32, which the district court reduced to $233,239.20. Appellants challenge that reduction, and Appellee challenges the district court's decision to award any fees at all. For the reasons stated below, we hold that the district court did not abuse its discretion in concluding that Appellants were entitled to some fees, but vacate the judgment and remand for a reduction of the fee award consistent with this order. The award of any fees, of course, remains subject to the district court's discretion.

Section 1988 of Title 42 provides that, in any action brought pursuant to 42 U.S.C. § 1983, "the [district] court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." To be a "prevailing party," a party must obtain a "material alteration of the legal relationship of the parties," including judgment on the merits, which then "permit[s] an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). However, while prevailing parties are eligible for fees under § 1988, they are not invariably entitled to them. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992). This is because it is not the technical fact of prevailing party status, but the "degree of success obtained" that determines a party's entitlement to a fee award and, relatedly, the reasonableness of the amount of that award. *Id.* at 114 (internal quotation marks omitted). Citing this principle, the Supreme Court in *Farrar v. Hobby* held that the award of nominal damages in a civil rights action for damages would often support the denial of a fee award, given that nominal damages in such a case would indicate "the plaintiff's failure to prove actual, compensable injury." *Id.* at 115. This Court has read *Farrar* to call for the denial of attorneys' fees "'where recovery of private damages is *the* purpose of civil rights litigation,'" such that an award of nominal damages demonstrates a lack of measurable success. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998) (quoting *Farrar*, 506 U.S. at 114) (emphasis in *LeBlanc-Sternberg*) (alterations omitted); *see Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996) (denying fees where plaintiff sought $21 million in damages but received only $1). By contrast, "where both monetary and equitable relief have been pursued," the award of "significant" injunctive relief may provide a measurable basis of success supporting the award of attorneys' fees. *LeBlanc-Sternberg*, 143 F.3d at 758; *see id.* at 759 (vacating district court's denial of fees where plaintiff sought and received injunctive relief, despite seeking and failing to receive compensatory and punitive damages).

3

Here, Appellants were uncontestedly the prevailing parties due to the entry of a nominal damages award in their favor. Appellee contends, however, that the district court abused its discretion in awarding fees to Appellants because they received only nominal damages. We disagree. As an initial matter, Appellants sought compensatory damages in only a nominal amount; their receipt of only nominal damages, therefore, does not suggest a lack of success or failure to prove injury. To the contrary, this Court found that Appellee's conduct chilled Appellants' speech. *Husain v. Springer*, 494 F.3d 108, 128 (2d Cir. 2007). Moreover, Appellants achieved a primary goal of their suit: early in the litigation, Appellee agreed to repeal the offending student election rules that provided the basis for her decision to void the election. While Appellee's reversal was voluntary, that factor alone does not distinguish this case from *LeBlanc-Sternberg*. While the "prevailing party" inquiry is a technical one, our inquiry into the entitlement to fees looks to the "practical effect" of the litigation. *Carroll v. Blinken*, 105 F.3d 79, 82 (2d Cir. 1997) (citing *Farrar*, 506 U.S. at 112). The "practical effect" of Appellee's reversal was more than nominal – it was an outcome Appellants sought – and provides support for some fee award. Moreover, the reversal would not likely have occurred but for this litigation, given that Appellee repealed the rules only after a magistrate judge issued a report and recommendation advising the district court to enjoin Appellee's conduct. That the district court dismissed Appellants' request for injunctive relief as moot following Appellee's reversal does not necessarily nullify Appellants' entitlement to fees. As such, we find that the district court did not abuse its discretion in holding that Appellants are entitled to at least some fees under *Farrar* and its progeny.

Nevertheless, while the practical outcome of Appellants' litigation may support their entitlement to some fees, it does not support the amount of fees awarded, which we conclude was excessive. As an initial matter, the handling of Appellants' case following Appellee's voluntary

4

policy reversal met with a significant lack of success, as judged by the gap between the relief requested in Appellants' complaint and the relief they actually obtained.[1] *See Barfield v. N.Y.C. Health & Hosps. Co.*, 537 F.3d 132, 152 (2d Cir. 2008) ("Both the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in [the] complaint, are key factors in determining the degree of success achieved." (citing *Carroll*, 105 F.3d at 81) (internal quotation marks omitted)). Appellants failed to receive a single dollar of the $20,000 per plaintiff that they sought in punitive damages from the CSI and CUNY defendants.[2] Moreover, Appellants lost or abandoned every claim against twenty-five of the twenty-six defendants originally sued in this case, ultimately securing a judgment only on a single count and only against Appellee. Appellants failed on their claims against the student government defendants, as well as on their claims concerning the Fall 1997 election and Open Meetings Law, all of which were wholly separable from Appellants' sole successful claim. Finally, the claims against many of the CSI and CUNY defendants turned on these defendants' supervisory authority, a legal issue unrelated to Appellants' claim against Appellee.

In addition, Appellants' attorney's claim of 2,741.4 hours of attorney time was extravagant. First, as noted by this Court, Appellants' litigation established no new principle of law. *Husain*, 494 F.3d at 131. To the contrary, their litigation concerned a "straightforward" application of existing law, calling into question their attorney's enormous expenditure of time. *See DiFilippo v. Morizio*,

---

[1] Notably, Appellee's voluntary policy reversal occurred in March 2000 – over nine years prior to the entry of judgment in this case.

[2] The declaration of Appellants' counsel in support of the fee motion avers that these damages were asserted only to preserve standing "in case the claims for injunctive relief became moot" (as occurred) so that the lawsuit could still set "legal precedents." We are skeptical as to whether much if any fee award is merited for the work of eliciting an opinion to bless a result already achieved.

5

759 F.2d 231, 235-36 (2d Cir. 1985) (vacating fee award and remanding for reduction where hours claimed were "facially excessive" in comparison to "the straightforward and non-novel nature of the [plaintiff's] case"). Further, Appellants' attorney submitted a claim for 318.3 hours expended on the fee application alone, which he purportedly reduced from over 400 hours, an amount of time that strains credulity. *See DeFilippo*, 759 F.2d at 236 (finding, albeit in more brief action, that "42 hours . . . spent on the fee motion . . . [was] utterly excessive"). The attorney also sought fees for hours spent on motions he did not file and for repeatedly reviewing opinions and filings; he sought numerous adjournments; and made filings that were "lengthy and not always on point." *Husain v. Springer*, No. 97 Civ. 2982 (NG) (CLP), 2013 WL 1122718, at *9 (E.D.N.Y. Mar. 15, 2013). The attorney's time entries also lacked sufficient detail to permit a reasoned review, and the 772.7 hours of claimed paralegal time included time for noncompensable menial tasks, further supporting a steep reduction.

Of course, "[t]here is no precise rule or formula for making [fee] determinations," *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), and we usually give "wide latitude to district courts to assess the propriety of attorneys' fees and costs requests," *CARCO Grp. v. Maconachy*, 718 F.3d 72, 85 (2d Cir. 2013) (per curiam). Nevertheless, while "[d]etermining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge, . . . [that] discretion is not unlimited." *Perdue v. Kenny A.*, 559 U.S. 542, 558 (2010). We acknowledge the district court's careful analysis of the fees due in this action. However, in light of the foregoing discussion, and in light of the factors not discussed in the district court's opinion – including the failure of the Fall 1997 election and Open Meetings Law claims, as well as the separability of the claims against many of the CSI and CUNY defendants – we conclude that the $216,528.00 in fees awarded "cannot be located within the range of permissible decisions." *See McDaniel v. Cnty. of Schenectady*, 595 F.3d

6

411, 416 (2d Cir. 2010) (internal quotation marks omitted).  While Appellants' attorney's exorbitant request for $832,409.67 in fees may have distorted the district court's analysis, the fact that all of Appellants' claims failed against twenty-five of twenty-six defendants, that seven of their eight claims failed against the sole remaining defendant, and that they failed to obtain nearly all of their requested relief compels us to conclude that the district court's imposed reductions for lack of success and excessive billing were inadequate to reduce the fee awarded in this case to a reasonable figure, which may well be significantly lower than that originally awarded by the district court.

For the foregoing reasons, we **VACATE** the judgment and **REMAND** for a recalculation of the fee award consistent with this order.  Any appeal following this remand shall return to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk