Husain et al. v. Springer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
  GUIDO CALABRESI,
  DEBRA ANN LIVINGSTON,
    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

SARAH HUSAIN et al.,
  <u>Plaintiffs-Appellants</u>,

-v.-                                    15-127

MARLENE SPRINGER,
  <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:          RONALD BRIAN MCGUIRE, New York, New York.

FOR APPELLEE:            ANDREW W. AMEND (with Barbara D. Underwood and Steven C. Wu <u>on the brief</u>) <u>for</u> Eric T. Schneiderman, Attorney General

1

of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellee Marlene Springer, the then-president at the College of Staten Island ("CSI") invalidated a student government election in 1997 because the student newspaper's endorsements of the winning slate of candidates violated the parity of campaign expenditures. That same year, former students who were on the student newspaper sued Springer and 25 others for alleged violations of the First Amendment.

In the last chapter of this protracted litigation, the district judge (Gershon, <u>J.</u>) reduced appellants' attorney's fees award after we concluded that appellants were entitled to attorney's fees but determined that the initial amount of this award was excessive and thus a remand for the limited purpose of diminishing this award was necessary. <u>See</u> <u>Husain v. Springer</u>, 579 F. App'x 3, 5-6 (2d Cir. 2014). Appellants, unsurprisingly unhappy with this development, now appeal the district judge's revised attorney's fees award, contending that the reductions imposed by the district judge were excessive.

The district court "has wide discretion in determining the amount of attorneys' fees to award; thus, absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award." <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992). Here, the district court acted within the parameters of our mandate in reducing appellants' attorney's fee award based on a number of characteristics. J.A. 1383-85. In other words, the district court did precisely what we directed, which was "reduce the fee awarded in this case to a reasonable figure, which may well be significantly lower than that originally awarded by the district court." <u>Husain</u>, 579 F. App'x at 7.

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK