UNITED STATES of America,

v.

Mario Ernesto Villanueva
MADRID, Defendant.

02 Cr. 416 (VM)

United States District Court,
S.D. New York.

Signed September 19, 2016

Richard Joseph Sullivan, U.S. Attorney's Office, Court Golumbic, Assistant United States Attorney, New York, NY, for United States of America.

David S. Zapp, Johanna Sanger Zapp, Richard Bruce Lind, Attorneys at Law, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On June 24, 2016, the Court granted Defendant Mario Ernesto Villanueva Madrid's ("Villanueva") motion for an order that his attorney, Richard Lind ("Lind"), show cause as to why a retainer fee paid to Lind in connection with his representation of Villanueva should not be returned. (Dkt. No. 159.)

For the reasons discussed below, Lind is ordered to return $23,750 of the retainer fee to Villanueva. Villanueva is ordered to release Lind from any claims related to the payment of the retainer fee.

## I. BACKGROUND

On June 28, 2013, Villanueva was sentenced to 131 months of imprisonment. (Dkt. No. 146.) Due to a clerical error, the Bureau of Prisons (the "BOP") failed to credit Villanueva with time during which he was incarcerated in Mexico awaiting extradition to the United States. (See Dkt. No. 159.)

On April 19, 2016, Villanueva moved to correct the clerical error. (Dkt No. 150.) Villanueva also requested that the Court exercise ancillary jurisdiction over a fee dispute between Villanueva and Lind. (Dkt. No. 155.) Villanueva claimed that he had retained Lind as legal counsel to assist in resolving Villanueva's issue with the BOP's computation of his sentence. Villanueva contended that despite having been paid $30,000, Lind did not provide any

legal services to Villanueva. The Court ordered Lind to submit documentation as to the reasons for withholding the attorney retainer fee. (Dkt. No. 159.)

On June 30, 2016, Lind filed a letter disputing Villanueva's claims but offering to return to Villanueva $20,150 of the $30,000 retainer in return for a general release. (Dkt. No. 160.) Lind answers that he provided $5,850 in legal services and also incurred $4,000 in expenses paid to Moises Morales ("Morales"), whom Lind had retained "as interpreter, paralegal, and . . . as interface between [Lind] and defendant, and [Villanueva's] son Mario Jr." (Dkt. No. 160.) Lind attaches the following documentation of the claimed fees and costs: (1) a time sheet reflecting 11.7 hours Lind claims to have spent working on Villanueva's case; (2) emails and text messages between Lind and Morales; (3) a time sheet and related email from Morales to Lind dated July 14, 2015, reflecting eight hours of work and an "agreed" rate of $250 per hour; and (4) copies of two checks made out to Morales from Lind for a total of $4,000.

On July 15, 2016, Villanueva responded, rejecting Lind's settlement offer and asking the Court to reduce Lind's fee. (Dkt. No. 164.) Villanueva rejects Lind's claimed hours and rates for both himself and Morales as excessive and attaches exhibits, including documents regarding Villanueva's prison sentences in the United States and Mexico, communications with the BOP, and email communication between Villanueva and Morales. (Dkt. No. 164.) Villanueva offers to settle his claim if Lind returns $26,000 of the original $30,000 retainer.

Lind and Villanueva have since filed numerous letters with the Court, and attached further exhibits, in support of their positions. (Dkt. Nos. 165, 166, 167, 170.)

## II. DISCUSSION

The determination of reasonable attorney's fees is left to the discretion of the district court. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010). Although "there is no precise rule or formula for making fee determinations," Husain v. Springer, 579 Fed.Appx. 3, 6 (2d Cir.2014), determining an appropriate attorney's fee requires the Court to calculate a "presumptively reasonable fee," Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008). A presumptively reasonable fee is the product of (1) a reasonable hourly rate for the attorney's work and (2) a reasonable number of hours of work required by the case. See Millea v. Metro–N. R.R. Co., 658 F.3d 154, 166–67 (2d Cir.2011). "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir.1983).

### A. LIND'S CLAIMED LEGAL FEES

Although Lind's having spent 11.7 hours on Villanueva's case in the months after his retention is not unreasonable, elements of Lind's time sheets are not sustainable. On July 7, 2015, Lind spent 1.3 hours on "research re possible prisoner swap." (Dkt. No. 160.) However, Lind himself admits that the retainer fee was paid "for legal assistance with computation of BOP credit," not for assistance with a prisoner swap. (Id.) The only mention Lind makes of such an arrangement is that several months after he performed research into a prisoner swap, "in October or November 2015, [Lind] was advised by [Morales] that Villanueva was seeking to pursue a prisoner swap." (Id. Ex. A.) Because Lind fails to support that he was

retained to pursue a prisoner swap for Villanueva, he cannot recover for time spent researching such an arrangement. Lind therefore can recover only 10.4 hours of his time spent on Villanueva's sentencing computation.

■ Lind's hourly rate, $500 per hour, is not unreasonable given his experience. Lind has been admitted to the Southern District of New York bar for forty years and has extensive experience as a law clerk, as a litigation associate at prominent New York firms, and as a criminal defense attorney in private practice. In the absence of a retention agreement, Lind's prior retention by Villanueva for a flat fee of $100,000, which Lind estimates amounts to $660 per hour, is evidence of the reasonableness of his claimed rate of $500 per hour in this matter. Villanueva's prior retention of Lind with a similar fee arrangement and Lind's experience as a criminal defense attorney, merits a rate similar to what Lind is seeking. Lind is therefore entitled to be compensated for 10.4 hours of work at a rate of $500 per hour, for a total of $5,200 in legal fees.

## B. LIND'S PAYMENTS TO MORALES

Although Lind attaches copies of checks made out to Morales totaling $4,000 (Dkt. 160, Ex. F), Lind fails to provide documentation supporting that Morales worked sufficient hours to justify such a payment. By July 14, 2015, Morales had billed Lind for 8 hours of work on Villanueva's case, for a total fee of $2,750 at the "agreed" rate of $250. (Dkt. No. 160, Ex. E.) Lind fails to provide time sheets for any further work by Morales and therefore cannot claim expenses beyond those supported by Morales's July 14, 2015 email and accompanying time sheet.

■ Morales's time sheet indicates that he spent time on "Research for Mexican/US prisoners exchange treaty done by the BOP" (Dkt. No. 160, Ex. E), which, as

discussed above, is beyond the scope of Lind's representation of Villanueva. Because the time sheet from Morales shows block billing of two hours including that research and other tasks, the Court will subtract one hour of Morales's time from Lind's claimed expenses. Lind can therefore claim expenses for 7 hours of Morales's time.

■ Lind also fails to provide documentation supporting that Morales's rate of $250 per hour was reasonable. Villanueva appears not to have been informed of, let alone approved, Lind's paying Morales $250 per hour. Lind also fails to provide documentation showing that $250 is similar to rates for other paralegals with Morales's qualifications and experience. Courts in this district have previously found rates between $100 and $150 per hour to be reasonable for paralegal and staff time. See, e.g., Andrews v. City of New York, 118 F.Supp.3d 630, 643 (S.D.N.Y.2015) (reducing a $290 hourly rate to $100); Asare v. Change Grp. of New York, Inc., No. 12 CIV. 3371, 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) ("$150 per hour for paralegal/staff time . . . reasonable based on the rates regularly charged for . . . staff time within this district"); Rosado v. City of New York, No. 11 CIV. 4285, 2012 WL 955510, at *5 (S.D.N.Y. Mar. 15, 2012) ("$125 per hour rate for administrative/paralegal activities is . . . reasonable"). Because Morales's language skills and his prior relationship with Villanueva warrants a rate at the upper end of that range, Lind can recover expenses for seven hours of Morales's work at a rate of $150, for a total of $1,050.

In sum, Lind can charge $500 per hour for 10.4 hours of his own time, for a total of $5,200 in legal fees. Lind can also claim expenses for 7 hours of Morales's time at a rate of $150 per hour, for a total of $1,050. Lind can therefore keep a total of $6,250 of

the $30,000 retainer but must return the remainder, $23,750, to Villanueva.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that Richard B. Lind ("Lind") return $23,750 of the retainer fee of $30,000 paid to him by defendant Mario Ernesto Villanueva Madrid ("Villanueva") for the legal services described above; and it is further

**ORDERED** that defendant Villanueva release any and all claims against Lind related to the $30,000 retainer fee. **SO ORDERED.**